# In the United States Court of Federal Claims

No. 07-299C

(Filed April 17, 2009)

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                    *
PAUL G. JASTER, et al.,             *    Overtime Compensation for
            Plaintiffs,             *    Commuting Time; Fair Labor
                                    *    Standards Act, 29 U.S.C. §§ 201-219;
       v.                           *    Portal-to-Portal Act, 29 U.S.C. §§ 251-
                                    *    62; 5 C.F.R. §§ 551.401, 551.104 and
THE UNITED STATES,                  *    551.422.
                                    *
            Defendant.              *
                                    *
* * * * * * * * * * * * * * * * * * * * * * ** * *
```

Jules Bernstein, Bernstein & Lipsett, Washington, D.C., for Plaintiffs.

Shalom Brilliant, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for Defendant.

---

**OPINION AND ORDER GRANTING DEFENDANT'S
CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

**WILLIAMS,** Judge

Plaintiffs, diversion investigators for the Drug Enforcement Administration ("DEA"), seek overtime compensation for time spent driving between home and work in their government-issued vehicles. This matter comes before the Court on the parties' cross-motions for partial summary judgment. Because applicable statutes do not authorize overtime compensation for Plaintiffs' commuting time, Defendant's motion for partial summary judgment is granted.

**Background**[1]

Plaintiffs Paul G. Jaster, Richard S. Leakey, Christopher M. Neel and Scott A. Nowland are employed by the DEA as diversion investigators. In this capacity, they investigate suspected sources of "diversion of controlled pharmaceuticals and regulated chemicals from the legitimate channels in which they are manufactured, distributed and dispensed." Pls.' Mot. for Partial Summ. J. ("Pls.' Mot.") at 3. DEA diversion investigators are assigned government vehicles for commuting between home and work when required for the performance of field work. Id.; 41 C.F.R. § 102-5.35. Field work entails conducting regulatory, civil or criminal investigations at a location other than a DEA office, such as "the location of a pharmacist, manufacturer or distributor that is a registrant with DEA." Pls.' Statement of Proposed Findings of Uncontroverted Fact ("Pls.' Facts") ¶ 9. Home-to-work transportation for field work is authorized "only to the extent that such transportation will substantially increase the efficiency and economy of the Government." 41 C.F.R. § 102-5.70; Pls.' Facts ¶ 11. For example, such efficiency could be attained where an investigator saves time by driving directly from home to the location of field work rather than first driving from home to a DEA office. Pls.' Facts ¶ 11-13. Home-to-work transportation is authorized only for official purposes, and diversion investigators are subject to discipline under 31 U.S.C. § 1349 for misuse of their government vehicles. Pls.' Mot. at 4; 41 C.F.R. § 102-5.100.

Since 2004, Plaintiffs have been assigned government vehicles in order to conduct field work, inspections of private facilities handling controlled substances, and criminal investigations involving the improper diversion of controlled substances. Pls.' Mot. at 5. Plaintiffs allege that, since 2004, the Government has wrongfully failed to pay them overtime compensation for time spent driving between their homes and their first and last field work stops.

**Discussion**

**Summary Judgment Standard**

Summary judgment is appropriate where the evidence demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c) of the Rules of the United States Court of Federal Claims ("RCFC"); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). A genuine issue is one that "may reasonably be resolved in favor of either party." Anderson, 477 U.S. at 250. A fact is material if it "might affect the outcome of the suit." Id. at 248. The moving party bears the burden of establishing the absence of any material fact, and any doubt over factual issues will be resolved in favor of the non-moving party. Mingus Contructors, Inc. v. United States, 812 F.2d 1387, 1390 (Fed. Cir. 1987) (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) and SRI Int'l v. Matsushita Electric Corp., 775 F.2d 1107, 1116 (Fed. Cir.1985)). Once this burden is met, the non-moving party must point to sufficient evidence to show a dispute over a material fact that would allow a reasonable finder of

---

[1] This background is derived from the pleadings and uncontested factual assertions in the parties' motion papers; it should not to be construed as findings of fact.

fact to rule in its favor. <u>Anderson</u>, 477 U.S. at 256. Mere denials, conclusory statements, or evidence that is only colorable or not significantly probative is not sufficient to preclude summary judgment. <u>Anderson</u>, 477 U.S. at 249-50; <u>Mingus</u>, 812 F.2d at 1390-91. The fact that both parties have moved for summary judgment does not mean that the Court must grant summary judgment for one side or the other as a matter of law; summary judgment is not available to either party where disputes persist over material facts. <u>Mingus</u>, 812 F.2d at 1391.

**<u>Plaintiffs Are Not Entitled To Overtime Compensation For Their Commuting Time</u>**

Plaintiffs argue that long-standing regulations of the Office of Personnel Management ("OPM"), the agency charged with administering the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-19, entitle them to compensation for home-to-work driving. Pls.' Mot. at 6-8. Plaintiffs cite 5 C.F.R. § 551.401(a), which provides:

> (a) All time spent by an employee performing an activity for the benefit of an agency and under the control or direction of the agency is "hours of work." Such time includes:
>
> (1) Time during which an employee is required to be on duty;
>
> (2) Time during which an employee is suffered or permitted to work; and
>
> (3) Waiting time or idle time which is under the control of an agency and which is for the benefit of an agency.

Under 5 C.F.R. § 551.104, "[s]uffered or permitted work means any work performed by an employee for the benefit of an agency, whether requested or not, provided the employee's supervisor knows or has reason to believe that the work is being performed and has an opportunity to prevent the work from being performed." Plaintiffs also cite 5 C.F.R. § 551.422(a)(2), which reads in part: "[t]ime spent traveling shall be considered hours of work if . . . (2) [a]n employee is required to drive a vehicle or perform other work while traveling."

Although these regulations suggest that, generally, employees are entitled to be compensated when required to drive for their work, the applicable statutory provisions do not authorize overtime compensation where the travel entails commuting and the work performed during the commute is <u>de</u> <u>minimis</u>. Under the FLSA, 29 U.S.C. §§ 201-19, employees covered by the Act are guaranteed compensation for all work or employment and are entitled to one-and-one-half pay rate per hour for overtime.

Congress amended the FLSA by passing the Portal-to-Portal Act of 1947, 29 U.S.C. §§ 251-62, which in turn was amended by the Employee Commuting Flexibility Act of 1996, Pub. L. No. 104-188, § 2102, 110 Stat. 1755, 1928 (1996), codified at 29 U.S.C. § 254(a) ("section 254(a)"). Section 254(a) exempts an employer from liability under the FLSA for compensating employees for

activities such as "walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and . . . activities which are preliminary to or postliminary to said principal activity or activities." 29 U.S.C. § 254(a). The Portal-to-Portal Act, as amended, also expressly provides that in certain circumstances, commuting is not considered part of an employee's principal activities, stating:

> For purposes of this subsection, the use of an employer's vehicle for travel by an employee and activities performed by an employee which are incidental to the use of such vehicle for commuting shall not be considered part of the employee's principal activities if the use of such vehicle for travel is within the normal commuting area for the employer's business or establishment and the use of the employer's vehicle is subject to an agreement on the part of the employer and the employee or representative of such employee.

Id.  Thus, the Portal-to-Portal Act expressly addresses the precise issue of commuting time and establishes that traveling in an employer's vehicle and performing incidental activities to commuting shall not be considered part of an employer's principal work activities.

As Defendant correctly argues, the Federal Circuit has held that the FLSA and the Portal-to-Portal Act do not warrant compensation for driving time where the work performed during the commute is de minimis. See Adams v. United States, 471 F.3d 1321, 1323 (Fed. Cir. 2006); Bobo v. United States, 136 F.3d 1465, 1466 (Fed. Cir. 1998); see Def's Cross-Mot. for Partial Summ. J. at 2. In Adams, the Federal Circuit reaffirmed that "Bobo still teaches that commuting done for the employer's benefit, under the employer's rules, is noncompensable if the labor beyond the mere act of driving the vehicle is de minimis." 471 F.3d at 1328. The plaintiffs in both Adams and Bobo failed to satisfy the de minimis threshold required to overcome the Portal-to-Portal exception. In Adams, federal law enforcement officers also sought overtime compensation for their home-to-work commuting time. The Adams plaintiffs were issued government-owned police vehicles and were required to commute from home to work in those vehicles to allow for a more rapid response to emergency calls. During their commutes, the officers were required to have their weapons and other law enforcement equipment on hand and to monitor their vehicles' communication equipment. They were not allowed to run personal errands in their government vehicles. Following Bobo, the Federal Circuit in Adams held that the burdens imposed on the plaintiffs during their commutes were de minimis. Id. at 1328.

In Bobo, agent dog handlers working for the Immigration and Naturalization Service, who commuted to and from work with their assigned canines, sought overtime compensation for their commutes. 136 F.3d at 1466-67. The Bobo plaintiffs were issued specially-equipped vehicles to transport the dogs between their homes and work locations and were required to stop as necessary to walk the dogs during the commute; the agents were not allowed to use these vehicles for personal errands or to make personal stops and were required to wear their official uniforms while using the vehicles. Id. at 1467. Because of these restrictions on their commutes, the Bobo plaintiffs argued that their driving time was compensable as overtime under the FLSA. Id.  The Federal Circuit

4

disagreed and held that the Portal-to-Portal Act "creates an exception" to OPM regulations that otherwise provide compensation for time spent "'performing an activity for the benefit of an agency and under the control or direction of the agency.'" Id. (quoting 5 C.F.R. § 551.401(a)). The Court determined that neither restrictions on the plaintiffs' use of their government vehicles nor excess burdens specific to canine handling were more than de minimis. Id. at 1468.

If anything, the labor required of the instant Plaintiffs during their commutes is less burdensome than that required of the Adams or Bobo plaintiffs. Plaintiffs here simply drive government vehicles to non-government facilities to perform their field work upon arrival, and after completing their work, drive home. Unlike the Adams plaintiffs, they are not required during their commutes to respond to emergency calls, carry weapons, or monitor their vehicles' communications equipment. Unlike the Bobo plaintiffs, these diversion investigators are not required to care for and walk dogs during their commutes. Rather, as Judge Lettow found in Forbes v. United States, 84 Fed. Cl. 319, 326 (2008), appeal docketed, No. 2009-5030 (Fed. Cir. Dec. 19, 2008), "it appears that diversion investigators . . . are even less restricted in their commutes than were the plaintiffs in Adams and in Bobo."

Plaintiffs assert that their home-to-work driving claims are distinguishable from the claims in Adams because that case did not specifically address the unique duties of DEA diversion investigators and did not address the act of driving "from home to a 'first stop,' and from a 'last stop' to home." Pls.' Opp'n at 12. However, there is nothing unique about the duties of diversion investigators which renders their labor performed while commuting beyond de minimis. Nor does the act of driving to or from a first stop or last stop alter the character of the activities required to be performed during the commute.

Plaintiffs further argue that they drove between home and work "in connection with performing 'field work'" under 31 U.S.C. § 1344 and its implementing regulation, 41 C.F.R. § 102-5. Pls.' Mot. at 28-29.[2] However, Plaintiffs have not demonstrated that they performed field work

---

[2] 31 U.S.C. § 1344 provides, in relevant part:

(a)(1) Funds available to a Federal agency, by appropriation or otherwise, may be expended by the Federal agency for the maintenance, operation, or repair of any passenger carrier only to the extent that such carrier is used to provide transportation for official purposes. Notwithstanding any other provision of law, transporting any individual other than the individuals listed in subsection (b) and (c) of this section between such individual's residence and such individual's place of employment is not transportation for an official purpose.

(2) For purposes of paragraph (1), transportation between the residence of an officer or employee and various locations that is–
   A) required for the performance of field work, in accordance with regulations prescribed pursuant to subsection (e) of this section, or
   B) essential for the safe and efficient performance of intelligence, counterintelligence,

5

during the course of the home-to-work commute. As the Government suggests, Plaintiffs "blur the distinction" between driving as part and parcel of performing field work and merely driving to and from work. Def.'s Cross-Mot. for Partial Summ. J. at 11.

Plaintiffs also argue that <u>Adams</u> and <u>Bobo</u> are no longer binding on this Court because the reasoning in those cases "has been nullified by the Supreme Court's recent decisions" in <u>Long Island Care at Home, Limited v. Coke</u> ("<u>Coke</u>"), 127 S.Ct. 2339 (2007), and <u>National Cable & Telecommunications Association v. Brand X Internet Services</u> ("<u>Brand X</u>"), 545 U.S. 967 (2005). Pls.' Mot. at 9. Plaintiffs argue that <u>Coke</u> and <u>Brand X</u> articulate principles of administrative law that contradict the Federal Circuit's decisions in <u>Adams</u> and <u>Bobo</u> and require this Court to disregard those precedents.

Plaintiffs invoke <u>Coke</u> for the principle that "courts are obligated to defer to regulations and interpretations of agencies entrusted to administer statutes, formulate policy and make rules 'to fill any gap left, implicitly or explicitly, by Congress.'" Pls.' Mot. at 10 (quoting <u>Coke</u>, 127 S.Ct. at 2345 (citing <u>Chevron U.S.A. Inc. v. NRDC</u>, 467 U.S. 837, 843 (1984))). Plaintiffs cite <u>Brand X</u> for a similar proposition: that agencies are permitted to advance new interpretations of a statute despite a contrary judicial precedent, so long as the court did not find the statute's language unambiguous, hence leaving no gap for the agency to fill. <u>Id.</u> at 11-12. Plaintiffs contend that <u>Adams</u> conflicts with 5 C.F.R. §§ 551.401 and 551.422(a)(2) and that the Court must defer to OPM regulations. However, the Federal Circuit in <u>Adams</u> did not fail to defer to OPM regulations, but rather interpreted unambiguous provisions of the Portal-to-Portal Act and OPM regulations to preclude those plaintiffs' claims. <u>Adams</u>, 471 F.3d at 1327-28; <u>Bobo</u>, 136 F.3d at 1467-68; <u>see also</u> <u>Morgan v. United States</u>, 84 Fed. Cl. 391, 399 (2008). In <u>Adams</u>, the Federal Circuit explained that its decision was controlled by the holding in <u>Bobo</u>, which refers to the OPM regulations. <u>See</u> <u>Adams</u>, 471 F.3d at 1328; <u>Bobo</u>, 136 F.3d at 1467; <u>see also</u> <u>Easter v. United States</u>, 83 Fed Cl. 236, 246 (2008) (explaining that <u>Adams</u> was based upon the precedent set by <u>Bobo</u>, which "cited to the very same OPM regulations"). As Chief Judge Hewitt reasoned in <u>Easter</u>, "[b]ecause OPM's regulations relied on by plaintiffs here were examined and rejected by the court[] in . . . <u>Bobo</u> and [the trial court in <u>Adams</u>], it is unlikely that the . . . [Federal Circuit] failed to give them proper <u>Chevron</u> deference." <u>Easter</u>, 83 Fed. Cl. at 247. <u>Adams</u> and <u>Bobo</u> remain good law, and this Court is bound to follow these precedents. E.g., <u>Coltec Indus., Inc. v. United States</u>, 454 F.3d 1340, 1353 (Fed. Cir. 2006).

Finally, Plaintiffs cite <u>Billings v. United States</u>, 322 F.3d 1328 (Fed. Cir. 2003), to argue that this Court must follow the Department of Labor's ("DOL") regulations which make driving time compensable if it is a condition of employment and not voluntary. However, <u>Billings</u> does not

---

protective services, or criminal law enforcement duties, is transportation for an official purpose when approved in writing by the head of the Federal agency.

41 C.F.R. § 102-5.30 defines "field work" as "official work requiring the employee's presence at various locations other than his/her regular place of work."

mandate that this Court ignore Adams and Bobo and apply DOL's interpretation in lieu of OPM's interpretation regarding commuting time. Billings involved a conflict between the OPM and DOL definitions of "executive" in another FLSA exemption, and the Federal Circuit in Billings held that OPM and DOL may interpret a statutory gap differently so long as the different interpretations are reasonable and comport with Congress' instructions. 322 F.3d at 1330,1333-34. Thus, Billings does not require the Court to elevate a DOL interpretation -- which applies to private sector employees -- and displace a reasonable OPM interpretation -- which applies to federal employees. Because Adams and Bobo directly address the issue of the level of work necessary for compensation of commuting time under the FLSA, those decisions are controlling here, and Plaintiffs' reliance on Billings is misplaced. See generally Redd v. United States, 83 Fed. Cl. 589, 593-94 (2008) (stating that Billings has no bearing on what level of work exceeds the de minimis threshold and is compensable under the FLSA).

Finally, the Court notes that the Government correctly observes that at least six related cases before the Court of Federal Claims all addressed the precise issue presented in this case and reached the same conclusion -- that the diversion investigators could not be compensated for home-to-work driving under the FLSA. See Garner v. United States, 85 Fed. Cl. 756 (2009); Stocum v. United States, 85 Fed. Cl. 217 (2008); Hamilton v. United States, 85 Fed. Cl. 206 (2008); Forbes v. United States, 84 Fed. Cl. 319 (2008), appeal docketed, No. 2009-5030 (Fed. Cir. Dec. 19, 2008); Morgan v. United States, 84 Fed. Cl. 391 (2008); Redd v. United States, 83 Fed. Cl. 589 (2008). While the decisions of other judges of the Court of Federal Claims are not binding on this Court, they are persuasive. W. Coast Gen. Corp. v. Dalton, 39 F.3d 312, 315 (Fed. Cir. 1994).

## Conclusion

1. Plaintiffs' Motion for Partial Summary Judgment on the "Required Driving Time" Issue is **DENIED**.

2. Defendant's Cross-Motion for Partial Summary Judgment on the "Required Driving Time" is **GRANTED**. The Clerk shall enter judgment accordingly.

s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**